Next case is People v. Kirkland. For the appellant is Ms. Lange and for the appellant is Mr. Whitney. You may proceed. Thank you. May it please the court, my name is Arden Lange and I represent Ronald Kirkland who seeks redress from his conviction on count two for criminal sexual assault. And I just want to say as an aside that counsel also may it please counsel, pardon me. Mr. Kirkland had a relatively uneventful trial up until one point. The charges were simple, the proof was not totally unexpected, and the instructions adequately stated the offenses as charged. What was unexpected first, but not quite as remarkable as the next thing that happened, the court announced that it was withholding all the verdict forms and sent the jury off to deliberate. And the reason the court gave and the only explanation in the record was that the court noticed that there were two not guilty forms for one victim and two guilty forms for the other victim. So something happened. We do not know on this record what happened. There is absolutely nothing in the record that tells us how the verdict forms were changed from what the court said they were. And we don't know what time the verdict forms were changed. We don't know when the jury received its verdict. But what was I guess astounding in this case is that the jury returned to court with signed verdict forms. And as to count two, the signed verdict form was for the charge of criminal sexual assault, not aggravated criminal sexual assault. Thank you very much. Abuse as charged. And I have, with counsel's permission, have presented a chart for the court to look at. Not that the court doesn't know what the offenses are, but just to make it a little simpler. And if one were to look at the two offenses, aggravated criminal sexual abuse, and contrast that with criminal sexual abuse, one can see, and counsel agrees, that those are not, that one is not simply the aggravation of another, but is a different offense altogether. And the state and defendant agree that those are two different offenses. They both require sexual conduct, but because of the age requirements, they are entirely different. And counsel for the defendant and the state also fully agree that one is not the lesser offense of the other. So the question is, what is to be learned from that? What can be done about that? And counsel, as far as the verdict form on count two, we didn't have a situation where the jurors took it upon themselves to write in criminal sexual abuse, right? This was just what was typed on the form, correct? Yes, exactly. And I have, I think it's produced on, in my original brief, I think the verdict form is there, but the, yes it is. C-22 shows the verdict form, and there is no emendation by the jury. It's just that the jury signed the form. The jury then returned to court, the trial judge read the verdict form, the trial court asked the foreman, is that your verdict? The foreman stated yes. The jury was pulled. The jury to a person said yes, their verdict was for criminal sexual abuse. And the jury was sent their separate ways. And that's where we are today. Nothing was done in the trial court. Nobody ever raised the issue. I don't think they recognized there was even an issue to raise. I don't think so. I don't think so. But everybody thought he was convicted of aggravated criminal sexual abuse, don't you think? We don't know. The state and the defense proceeded to a sentencing hearing on aggravated criminal sexual abuse. Two counts, right? Yes. The charge was aggravated criminal sexual abuse. And everybody argued to the jury aggravated criminal sexual abuse. Yes. So it looks to me like it was a scrivener's error. Would you agree to that? It looks like, yes. I would say it most probably is. But I also think that the case law, especially from the Illinois Supreme Court, suggests that judges and lawyers are not supposed to read the tea leaves. And on this record, whereas it could have been amended, the matter might have been easily amended had anybody caught this at the trial level, now we're at the appellate level and no one has ever seen this until now. So the issue is what can be done about it. And case law teaches it's too late to amend the jury verdict. But is that a broad statement of what case law teaches? I mean, doesn't our analysis, doesn't that get impacted by whether or not we decide it's a scrivener's error versus, you know, just changing the verdict? I mean, doesn't that impact the counsel? What I said was a broad foundation of the law. Yes, there are cases that go every which way with scrivener's errors. And between Mr. McNeil's brief and my brief, I think the court probably might have their individual, your individual heads swimming. But if one were to look carefully, I think it's just as broad to say that, oh, it's just a scrivener's error. And case law does not say that, oh, well, if it's a scrivener's error, so be it. We'll just forget about it. I guess what I'm wondering about is how could the jury have even found him guilty of criminal sexual abuse? You both agree he wasn't charged with it. It's not a lesser included offense. And that is part of my argument, that he could not have been found guilty of it, and he shouldn't have been found guilty of it. And really the remedy here is on count two only to find him not guilty. Which count carried more evidence, would you say, of his guilt? Which count had the corroboration and more corroboration than the other? Let's put it that way. I think there was a lot of corroboration, but the other point is that we were not in the trial court, and we rely heavily on credibility evidence and demeanor evidence. And we don't know the demeanor of the two children in this case. One of them was older, one of them was younger. That can cut both ways. But in the one case it seemed to me somebody even walked into the room once when it was happening and saw it, and they were an independent party. It wasn't just he said, she said. They saw it. Right. Yes. So it seemed to me like count two was stronger as far as looking at the sufficiency of the evidence. Count two had more evidence than count one. Would you agree with that or not? Yes. If believed. Right. And so, counsel, if we take a look at the Mack case, that tells us that we have to look at, we're allowed to examine and interpret all parts of the record to determine the meaning of a verdict. And so when we do that, I think Justice Pope's question really is getting at just that. When we look at the fact that no one argued that this gentleman should be found guilty of criminal sexual abuse, that it wasn't in any jury instruction, just in that one verdict form, which is also different than some of the other cases where it's been determined that you can't guess what the jury was doing, and the fact that everyone proceeded as if he had been convicted of aggravated criminal sexual abuse. I mean, what is there in the record other than the one jury verdict form that even gives a hint of criminal sexual abuse? Oh, I don't think there is anything in the record that gives a hint of it, but we don't know what the jury was thinking. And there's also, I mean, Mack tells you that you can look throughout the record, but you still have to look at the verdict, and is there a verdict or isn't there a verdict. And here, we don't have a verdict on aggravated criminal sexual abuse. We have a verdict that cannot stand. And I think that's a distinguishing feature of Mack. So, a lot of the cases that we're dealing with only deal with, and I don't mean only, but deal with mental state. Can you read in the mental state of intentional, or can you read in, if it's a lesser included offense, can you read in the aggravating offense? Here, we cannot read in the aggravating offense. It's not a matter of mental state. It's a matter of age. Ages it couldn't have been found. And my argument is that the defendant wasn't found guilty beyond reasonable doubt, based on that. Does the court have any other questions? It doesn't appear to be any. Thank you. We'll have additional time unresolved. Mr. McNeil? Do you agree that there is a screw-up in the trial court? I agree that there was a clerical error. What should we do about it? I think that the case law, which I cited, the persuasive case law from out of jurisdiction, and also the Supreme Court People v. Delbecchio case, shows that you can determine, and Mack, looking at the whole record, if the jury's intentions are clear and there's no indication of juror confusion, then it's acceptable to treat it as though he was convicted of aggravated criminal sexual abuse. Here, there's no possibility of juror confusion. The elements prove that. I don't know how familiar the justices are with the record, but the only dispute on the record was sexual conduct. There's no dispute then or now that the victim was under the age of 18 or that the defendant was a family member. The only dispute was whether his acts... Whether it was for his gratification. Right, so whether it was sexual conduct. That was the only dispute. As you can see, in both of them, they're the same. Also, in criminal sexual abuse, the facts make it impossible for criminal sexual abuse to even be found here. Again, even assuming out of left field that the jury was actually convicting him of criminal sexual abuse, basically what the jury's verdict says is that they didn't believe his acts were not for sexual conduct or for purposes of sexual gratification. Basically, they didn't believe the defendant. They believed the acts were for sexual conduct. That's the same in both aggravated and regular criminal sexual abuse. The other two, which actually differentiate the two charges, aren't in dispute. So that's how we know there's no confusion here. There's no complication in the jury's verdict. In the verdict form, it could only be they believed his acts consisted of sexual conduct. Therefore, he was guilty of aggravated criminal sexual abuse. There's no dispute victims were under 18 or that he was a family member. Again, just the definition of Scrivener's error, clerical error, is any error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, not from judicial reasoning or determination. In this case, again, looking at the whole record, there's no judicial reason whatsoever for the jury to get one count for aggravated criminal sexual abuse and then get a verdict form for the other count of only criminal sexual abuse, especially when, from the charging instruments on, the only thing discussed was aggravated criminal sexual abuse. That's the only thing that could be discussed based on the victim's age and based on the defendant being a family member. I mean, defendant's not under 17, defendant isn't less than five years older, and there wasn't any evidence of any use of force or anything like that. Again, that's why in Delvecchio and other cases, Delvecchio left the word intentional off one of the verdict forms. The Supreme Court found that this was cured by jury instructions. Here, the jury was specifically instructed on all the elements of aggravated criminal sexual abuse and never instructed on any of the, I mean, they were instructed on sexual conduct because it was the same in both, but none of the other elements of criminal sexual abuse because, as I said, the facts make it impossible to convict them of that. And that's how we know the jury was not misled or confused at all here. Presumably, they had two guilty, they had one guilty verdict form for each count. They signed them, either didn't know or, as lay people, didn't know the difference between aggravated or criminal sexual abuse. And I think that's presumably what happened in the polling as well. I'm sure in a juror's mind, they were being polled on whether they found the defendant guilty or not guilty, not whether it was criminal sexual abuse or aggravated. So the state's position is that there could be no confusion here based on the whole record charging instrument, arguments from the counsel and the defense counsel. The evidence presented and the instructions to the jury, all of them point to aggravated criminal sexual abuse. And I would, the state would also submit that this argument is forfeited. At the very least, there is a gray area on whether a defendant actually saw the proposed, the new verdict forms or not. But at the very least, he and counsel heard the trial court read the verdict forms out loud verbatim. And the trial court also missed the aggravated, but they read it the same. So he heard, the defendant and counsel heard the trial court read the verdict forms. One of them guilty, I think SC, find defendant guilty with regards to SC of aggravated criminal sexual abuse. Find defendant guilty with regards to BC of criminal sexual abuse. Defendant heard that, still didn't say anything. Then didn't say anything in his post-trial motion, didn't raise the issue at sentencing. First time the issue was raised, it's on appeal. Again, if there's no forfeiture found here, that would promote defendants and counsels in the future to not say anything if they find or read any, hear or read any jury instruction or verdict forms typographical error. If it's found to be reviewable without any forfeiture rules on appeal, then this would be a burden on judicial efficiency to say the least. Also to allow defendant to get a windfall here for omitting one word from jury verdict form when the instructions and everything make it completely clear of the jury's intention would obviously not be consistent with the ends of justice, especially when looking at the whole record, which is allowed and recommended. The jury's intention is completely clear to convict defendant of two counts of aggravated. Pretty critical word though, wouldn't you agree? It's a pretty critical word. Yes, and presumably I'm guessing what happened is either the typo didn't get fixed, or they rushed to fix the typo and then created another one, which if the state concedes it was an error, but the state would argue that it was a scrivener's error and the jury's intentions are completely clear. There's no more questions? I don't believe so. People v. Davis, which was cited in Mr. Kriplin's original brief, is a case out of this district, and in that case it sets out what can be done to reform a verdict at trial level and what can't be. And it very clearly says once the jury leaves, that's the jury verdict. And that's how that case is written, and that's what that case says, and it is the decision of this court. And I would submit that that holding is in accord with the Supreme Court's jurisdiction, Illinois Supreme Court's jurisdiction, and Mr. McNeil has cited cases from other jurisdictions, and I don't think that those cases in any way disturb what this court has already found. There is a jury verdict. The state is asking that this court basically direct a finding on that jury verdict after the jury's gone home. And I would also submit that there is no real windfall for Mr. Kriplin because he was convicted of concurrent sentences. Now, People v. Davis was cited in the Crite case, correct? Yes. And Davis involved, isn't that the one that involved the situation where the jurors had a note asking for a transcript and that was not communicated to the judge until after they had reached a verdict, which is completely different than the situation we have here. Well, I don't know, but it's completely, yeah, it's not completely on point, but I think that the holding of Davis talking about when you can amend, and in that case the trial court was trying to fix what had already gone wrong in that case, which had been no one's fault except that of the counsel that case holds. But I think the rationale is the same in this case. But when you look at Mack and the fact that Mack talks about jury instructions can potentially cure a problem with the verdict and that you have to look at the entire record, if we follow Davis or Crite, then there's no room for that, correct? So they are not consistent with what Mack says. Well, Mack cites Crite. I realize that. It does cite that, but it goes on to say that we are to look at the entire record and it is possible that the verdict can be cured by the instructions. And Davis seems to stand for, and Crite seems to stand for, a bright line rule that once the jury's gone, there's nothing that can be done. Those seem like inconsistent positions to me. Well, with all due respect, I think that Mack is a little more forgiving than that and warns against imposing the jurist's view of what happened in the sacrosanct area of jury deliberations and has some rather flowery and beautiful language about the nature of jury deliberations and how one must honor that above all. So, with all due respect again, I think that Mack is not as cold-hearted or as... Perhaps. So, if there are no other questions, I would ask this court to grant Mr. Perflin the relief of an acquittal or lack of affirmance, acquittal, as to count to criminal sexual abuse. Thank you. One thing before you step down. You asked special permission to put the chart up, which is fine, it's helpful, but in the future, maybe move it back a little bit so we're not having to look over it. Thank you. And bigger writing. Thank you.